**Charles C. MARTINEZ, Plaintiff,**

v.

**THE CITY OF NEW YORK; New York Police Department, Defendants.**

**No. 06 CIV. 13649.**

United States District Court, S.D. New York.

Feb. 22, 2007.

Charles Martinez, Brooklyn, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

██ · Upon reviewing of the complaint of plaintiff Charles Martinez ("Martinez") in this case the Court noted that plaintiff alleges that the false arrest and false imprisonment on assault charges upon which his claims herein are based occurred on July 30, 2002 and that the charges were dismissed on December 11, 2003. The Court construes Martinez's claims as asserting claims for violations of constitutional rights under 42 U.S.C. § 1983 ("§ 1983"). The statute of limitations for an action asserting false arrest/false imprisonment pursuant to § 1983 is three years, commencing from the date that plaintiff knew or objectively had reason to know of the alleged violation. *See Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331 (2d Cir.1997); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir.1994). The date when charges are dismissed does not determine when the plaintiff obtains sufficient knowledge of the violation. *See Wallace v. Kato*, 549 U.S. ——, 127 S.Ct. 1091, ——. L.Ed.2d ——, No. 05–1240 (2007) (holding that the limitations period for false imprisonment begins to run when the victim is no longer falsely imprisoned—*i.e.*, he becomes held pursuant to legal process—and not when charges against him are dropped). Here, Martinez knew or had reason to know of the alleged false arrest he complains as of the date of the incident he describes—July 30, 2002. His complaint was filed on December 1, 2006, well in excess of the three-year limitation period, and gives no indication of any grounds that may support equitable tolling of the statute. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir.2005); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir.2004).

Accordingly, it is hereby

**ORDERED** that Clerk of Court is directed to enter judgment dismissing this action, provided, however, that within twenty (20) days of this Order plaintiff may petition the Court to reopen the case upon showing good cause why the case was not commenced within the applicable statute of limitations period.

**SO ORDERED.**